LEO BOURGET *et al. vs.* ZONING BOARD OF REVIEW OF THE
CITY OF WOONSOCKET.

MAY 3, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is a petition for certiorari to review a de-
cision of the zoning board of review of the city of Woon-
socket granting the application of Brien Building Co., Inc.
as owner and Bonnie-Mae Potato Chips as lessee for an ex-
ception or variance to permit certain premises located at
59 Circle street to be used as a potato chips distribution
center. Pursuant to the writ the pertinent records have
been certified to this court.

Brien Building Co., Inc. has been for some forty years the owner of the property. It comprises 31,531 square feet with three closely-built buildings thereon 224 feet in length by 38 feet in depth. The open space between the street and the buildings is the length of the buildings with a depth of 100 feet. They appear to have been divided to accommodate several businesses. Space at one end is used by the owner in its construction business. The next portion which is 25 feet in width and 38 feet in depth, formerly used by the owner, is that portion of the buildings which the lessee desires to use as a warehouse and distributing office. Still farther along is a wheel alignment company and next to that a plumbing business and beyond that a paint shop. The buildings and yard are enclosed by a fence.

The land in question lies in an R-4 residence district but because of the fact that the buildings were in existence prior to the passage of a zoning law they constitute a nonconforming use.

The owner and the lessee, which latter company appears to have already leased a portion of the buildings, desire permission to use this portion of the buildings for a wholly new purpose. The owner formerly used it for the storage of machines used in its business. The lessee now desires to use it for the storage of cans of food which have been filled at its plant in Massachusetts and brought to Woonsocket for storage until sold to various retail stores.

The only testimony for the petitioners was that given by petitioner Marcel Weiss, which was all to the effect that he and his family have been disturbed by the piling of pipes and lumber near his land and also that his children have been awakened by body work on automobiles and by the bringing in of automobile wrecks very early in the morning. His testimony strictly did not apply to the business that the lessee would do if permitted to use the building already leased.

The board of review granted the application and in its decision noted "that there is already in existence at this location a Warehouse and an Office Building and that it would be unnecessary hardship to deprive them of the appropriate use."

The petitioners in their brief raised three questions:

A. "Was the decision of the Board in granting the application of Brien Building Co., Inc. and Bonnie-Mae Potato Chips supported by the evidence presented?

B. "Was the decision of the Board in granting said application supported by the law?

C. "Did the Board, in granting said application, act arbitrarily, capriciously, inequitably, illegally, and did it otherwise abuse its powers and discretion?"

In answering A it may be said that there was no evidence bearing on the effect that a lease of space to Bonnie-Mae Potato Chips would have upon petitioners or upon the community. The testimony by petitioners was not relevant to any questions involving the tenancy of Bonnie-Mae Potato Chips.

An answer to B involves the question of the right of the board of review to grant a variance as it did. The business that Brien Building Co., Inc. was carrying on was a nonconforming use. When this company ceased storing its machines and sought a tenant for the space it was necessary for that tenant, if he did not intend to make it his home but desired rather to carry on a business, to apply to the zoning board for a variance. Such an application was made.

As respondent points out in its brief, the requested use is similar to the existing use and is the only kind to which the property can be put, and further states: "It is an absurdity to conceive of any person or persons moving into this space for residential purposes."

A situation such as here may well have been in the mind of the legislature when it passed G. L. 1956, §45-24-19 c, which reads as follows:

"To authorize upon appeal in specific cases such variance in the application of the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

It is argued that an application for a variance in the present case will not be in the public interest, but we are of the opinion that if granted it will in that it will be a business which is in no sense obnoxious. Failure to grant a variance would appear to be a hardship on the owner.

We are of the opinion that a granting of the application for a variance in the present case will preserve the spirit of the ordinance and do substantial justice. *Kent* v. *Zoning Board of Review*, 74 R. I. 89.

Under question C petitioners argue that the board of review did not have the power to grant the application, since a business use is not a permitted use in an R-4 residence district and is prohibited under section 4.2 of the zoning ordinance. This section reads as follows:

"Uses Not Mentioned—Any use not specifically permitted in a district is hereby specifically prohibited from that district unless the Board of Review determines the use similar in all respects to a permitted use in that district. A business, industrial, trailer coach, or club use shall not be considered similar to a residential use."

We would agree with petitioners as to the effect of sec. 4.2 were there no provision empowering the board to grant variances, so called. The power is found in the statute and also in sec. 10.32 of the ordinance, and in our opinion permits the board to allow a business use in an R-4 residence district.

We are of the opinion that there was no illegality in the action of the board and that it was clearly within its power to grant the variance.

The petition for certiorari is denied and dismissed, the decision of the respondent board is affirmed, and the records certified to this court are ordered sent back to the board.

*Felix A. Toupin,* for petitioners.

*Janice A. Fournier,* Assistant City Solicitor for City of Woonsocket, for respondent.